IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| JOSHUA SIKES, on behalf of himself and others similarly situated, | § § § | |
| | § | CIVIL ACTION NO. _____ |
| *Plaintiff*, | § § | |
| | § | JURY TRIAL DEMANDED |
| v. | § § | |
| FREEMAC, INC. d/b/a JOHNSTONE SUPPLY, STEVE HAMLIN, and RUSSELL MACE, | § § § § | COLLECTIVE ACTION |
| *Defendants*. | § | |

**COLLECTIVE ACTION COMPLAINT**

1.  Freemac, Inc. ("Freemac") doing business as Johnstone Supply, a cooperative wholesale distributor of heating, ventilation, and air conditioning ("HVAC") equipment and supplies, Steve Hamlin, and Russell Mace (collectively "Defendants"), are violating the Fair Labor Standards Act ("FLSA") by forcing Plaintiff Joshua Sikes and similarly situated workers, to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2.  Plaintiff worked for Defendants as an hourly-paid warehouse employee and was damaged by those illegal policies or practices. In short, Plaintiff was denied the timely overtime compensation he was due under the FLSA. Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former warehouse employees to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals.

## I.  JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in Virginia Beach, Virginia.  28 U. S. C. § 1391(b)(2).

## II.  THE PARTIES

5. Plaintiff worked as a warehouse employee for Defendants.  He regularly worked in excess of 40 hours per week without receiving all the compensation he was due under the FLSA.  Plaintiff Joshua Sikes's FLSA consent is attached as Exhibit A.

6. The FLSA class of similarly situated employees consists of all current and former warehouse employees who were employed by Defendants during the three-year period preceding the filing of this Complaint.  These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant Freemac, Inc. is a cooperative wholesale distributor doing business as Johnstone Supply.  Freemac's principle place of business is 5781 Arrowhead Drive, Virginia Beach, Virginia 23462, is engaged in commerce in the United States and is otherwise subject to the FLSA.  Freemac employed Plaintiff and Members of the Class within the meaning of the FLSA.  Freemac may be served with process by serving its Registered Agent, David M. Bastiaans at 200 Bendix Road, Suite 300, Virginia Beach, Virginia 23452.

8. Defendant Steve Hamlin is a co-owner and principal of Defendant Freemac and an individual residing in Virginia.  Hamlin, upon information and belief, possessed control over Freemac's actual operations in a manner that directly relates to Plaintiff's employment and that of

those similarly situated. Hamlin directly affected employment-related factors such as workplace conditions and/or operations, personnel, and/or compensation, and by doing so regularly transacted within this district. Hamlin may be served with process at 421 Hastings Pl., Suffolk, Virginia 23436.

9. Defendant Russell Mace is a co-owner and principal of Defendant Freemac and an individual residing in Florida. Mace, upon information and belief, possessed control over Freemac's actual operations in a manner that directly relates to Plaintiff's employment and that of those similarly situated. Mace directly affected employment-related factors such as workplace conditions and/or operations, personnel, and/or compensation, and by doing so regularly transacted within this district. Mace may be served with process at 5035 SW 5th Place, Cape Coral Florida 33914.

### III.   BACKGROUND

10. The preceding paragraphs are incorporated by reference.

11. Defendants own and operate a cooperative wholesale distribution company, with multiple warehouse locations in Virginia. Defendants supply equipment and products to clients in the heating, air conditioning, and refrigeration industries. Additionally, Defendants employ warehouse workers to assist their customers, including but not limited to receiving and putting up products, as well as pulling products and filling orders for customers.

12. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per workweek. However, Defendants did not pay Plaintiff and the Class overtime compensation at one and one-half times their regular rate for all hours worked in excess of 40 each week. Instead, Defendants paid their employees for a pre-determined number of hours for each pay period, which was *less than* the number of hours their employees were suffered or

permitted to work each workweek. As a result, Defendant failed to properly compensate their employees under the FLSA.

## IV. PLAINTIFF'S INDIVIDUAL ALLEGATIONS

### A. *Defendants Failed to Properly Pay Regular and Overtime Compensation.*

13. The preceding paragraphs are incorporated by reference.

14. Plaintiff worked for Defendants as a warehouse employee, where he received and cataloged merchandise, and pulled merchandise from the warehouse to fill customers' orders. During his employment, Plaintiff frequently worked five to six consecutive days during a workweek. In a workweek, Plaintiff often worked approximately 45 hours or more.

15. During Plaintiff's employment, Defendants paid him a set hourly rate for all hours worked in a workweek, and Plaintiff was paid on a semi-monthly basis. Defendants paid Plaintiff for a pre-determined number of hours per pay period, regardless of the number of hours he actually worked each workweek. Plaintiff did not receive proper overtime compensation at 1.5 times his hourly rate for all hour worked in excess of 40 per workweek.

16. The FLSA and applicable regulations require Defendants to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at 1.5 times Plaintiff's regular rate of pay for each hour Plaintiff worked in excess of 40 hours per week. Defendants should have paid Plaintiff overtime compensation for at least 5 hours or more in a typical workweek, but Defendants failed to pay Plaintiff that amount.

17. By failing to pay Plaintiff as described above, Defendants have deprived Plaintiff of a significant amount of regular and overtime compensation to which he is rightfully entitled.

**B.     *Defendants Willfully Violated the FLSA.***

18.     The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work.  In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff.  Defendants failed to follow these rules when paying Plaintiff.

19.     Defendants have or had a policy and/or practice of not paying their employees the proper rate for overtime they worked.  Instead, Defendants paid their employees their regular rate for a pre-determined amount of hours per pay period, with no overtime premium for hours worked over 40 in a workweek as required under the FLSA.  Defendants should have paid their employees overtime compensation at 1.5 times their regular rates for all hours worked in excess of 40 hours per workweek.

20.     Defendants knew or have shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

### V.     FLSA COLLECTIVE ACTION ALLEGATIONS UNDER 29 U.S.C. § 216(B)

21.     The preceding paragraphs are incorporated by reference.

22.     Plaintiff is aware that Defendants' illegal pay policies or practices have been imposed upon Members of the Class.  Like Plaintiff, Members of the Class are employed by Defendants as hourly-paid warehouse workers, who perform(ed) the same duties as Plaintiff, as described above.  As with Plaintiff, Members of the Class frequently worked substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

23.     Upon information and belief, the Members of the Class are/were also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

24. Defendants' failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice of Defendants to pay their employees for less than all the overtime hours that such workers are suffered or permitted to work. As such, the Members of the Class are owed additional overtime compensation plus liquidated damages, attorneys' fees, and expenses for precisely the same reasons as Plaintiff.

25. Accordingly, the FLSA collective class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly-paid warehouse employees who were employed by Defendants during the three-year period preceding the filing of this complaint.**

26. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

27. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VI.   CAUSES OF ACTION

28. The preceding paragraphs are incorporated by reference.

29. As set forth above, Defendants violated the FLSA with respect to Plaintiff and Members of the FLSA Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to properly compensate for overtime hours, as described above. 29 U.S.C. §§ 206, 207.

30. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked, as well as overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a week. 29 U.S.C. §§ 206, 207, 216 (b).

31.     In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages, including overtime wages.  29 U.S.C. § 216(b).

32.     Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs.  *Id*.

## VII.    JURY DEMAND

33.     Plaintiff demands a jury trial.  Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court enter final judgment against Defendants Freemac, Inc., Steven Hamlin, and Russell Mace for:

1.     damages for the full amount of unpaid wages due under the FLSA in favor of Plaintiff and Members of the Class;

2.     damages for the full amount of unpaid overtime compensation due under the FLSA in favor of Plaintiff and Members of the Class;

3.     an amount equal to unpaid wages, including unpaid overtime compensation, as liquidated damages pursuant to 29 U.S.C. § 216 in favor of Plaintiff and Members of the Class;

4.     reasonable attorneys' fees, costs and expenses of this action;

5.     pre-judgment and post-judgment interest at the highest rate allowed by law; and

6.     such other and further relief as may be allowed by law.

DATED this 13th day of March, 2020.                    Respectfully submitted,

By: */s/ David W. Thomas*
David W. Thomas, Esq.
Virginia Bar No. 73700
Amy J. Inge, Esq.
Virginia Bar No. 39804
MICHIEHAMLETT
310 4th Street NE, 2nd Floor
P.O. Box 298

Charlottesville, Virginia 22902
Phone: 434-951-7224
Fax: 434-951-7244
dthomas@michiehamlett.com
ainge@michiehamlett.com

Robert W. Cowan
Texas Bar No. 24031976
*(Pro Hac Vice to be req'd)*
Katie R. Caminati
Texas Bar No. 24098079
*(Pro Hac Vice to be req'd)*
BAILEY COWAN HECKAMAN PLLC
5555 San Felipe St., Suite 900
Houston, Texas 77056
Phone: 713-425-7100
Fax: 713-425-7101
rcowan@bchlaw.com
kcaminati@bchlaw.com

*Attorneys for Plaintiff*